IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT

AUG 7 - 2002

CLERK

HEATHER ROSS,

    Plaintiff,

vs.                                      CIV NO. 02 - 0553 ELM/KBM

THE GOODYEAR TIRE & RUBBER CO.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me on a Motion to Remand the Separate Complaint of Heather Ross to state court. Having reviewed the moving papers and having examined the pleadings from state court, I find that this matter has been properly and timely removed. The Motion to Remand is DENIED.

### BACKGROUND

This case began as a class action lawsuit filed on behalf of a group of homeowners and real property owners in New Mexico who had Entran II hose, used in radiant heating systems, installed in their homes or buildings. The Entran II hose was manufactured by the Defendant Goodyear Tire & Rubber Co. The original lawsuit was filed in state court in the First Judicial

1



District and eventually assigned to Judge James Hall. The Plaintiffs brought claims against Goodyear for breach of various warranties, negligence, strict liability for manufacturing and design defects and violations of the New Mexico Unfair Practices Act. After conducting a hearing on the issue of class certification, Judge Hall certified a class of real property owners who owned homes or structures in which Entran II hose was installed and who owned these properties as of March 1, 2002.

Heather Ross, a named plaintiff in the class action lawsuit and the plaintiff in this case, was not a member of the certified class because she did not own the home in which Entran II hose had been installed, as of March 1, 2002. She had sold her home prior to that date after replacing her radiant heating system (which had used Entran II hose) with a different type of heating system. Her claim was severed from the class action lawsuit pursuant to New Mexico Rule of Civil Procedure 1-021 by Judge Hall on April 17, 2002. Plaintiff Heather Ross filed her Amended Complaint on May 2, 2002 in the First Judicial District Court. Goodyear filed its Notice of Removal to this Court on May 16, 2002.

Diversity of citizenship exists in this case because Heather Ross is alleged to be a citizen of New Mexico while Goodyear is a corporation incorporated in Ohio with its principal place of business in Ohio. The amount in controversy, both parties agree, is greater than the requisite amount of $75,000. This issue in controversy is whether Ms. Ross' Amended Complaint constitutes a separate and distinct lawsuit which revived the thirty day time limit under the removal statute, 28 U.S.C. §1446.

I have concluded that Ms. Ross' Amended Complaint presents a separate, distinct and unique lawsuit which revived the thirty day time limit under the removal statute, 28 U.S.C.

§1446 (b). I have also concluded that the thirty day time limit began to run upon the receipt by the Defendant Goodyear of the Amended Complaint of Heather Ross against Goodyear which was filed on May 2, 2002. The Notice of Removal was filed in this Court on May 16, 2002. Therefore, the Notice of Removal is timely and the Motion to Remand is denied.

## DISCUSSION

Heather Ross' claims for damages against Goodyear were originally filed as part of the class action lawsuit *Jane Bates, Mike Draper, Heather Ross, and Vincent and Leslie Medina, individually and as proposed class representatives on behalf of all others similarly situated vs. The Goodyear Tire & Rubber Co.*, No. D-0101-CV-2001-359, First Judicial District, County of Santa Fe, State of New Mexico. After Judge James Hall determined the class certification in the spring of 2002, Heather Ross was no longer able to participate in the class action lawsuit since she was not a member of the certified class. She moved for a severance of her claims against Goodyear pursuant to N.M. Rule of Civ. Procedure 1-021 which was granted. Shortly thereafter she filed her separate claim as an Amended Complaint in the *Bates et al v. Goodyear* case. The Order severing Ms. Ross' claims stated that Ms. Ross' "shall file an amended complaint setting forth her separate and severed claims, and such claims shall be treated hereinafter as a continuation of her first and original action." The underlying class action was stayed pending the outcome of an appeal of the class certification but Judge Hall ordered Ms. Ross' claims to proceed. The Court entered a Scheduling Order, still under the same caption as the class action lawsuit, which applied just to the claims of Ms. Ross and the Court assigned her a date for her separate trial.

The pivotal issue is whether the Amended Complaint of Heather Ross so changed the nature of her lawsuit against Goodyear that is constituted "substantially a new suit begun that day." *Wilson v. Intercollegiate (Big Ten) Conference A. A.*, 668 F. 2d 962, 965 (7th Cir.), *cert denied*, 459 U.S. 831 (1982). If it did, the judicially-created revival exception to the thirty day requirement of 28 U.S.C. §1446(b) applied to the new lawsuit, which gave the Defendant a new thirty day window in which it could remove the case to federal court.

Usually, the defendant in a removable case has but one thirty day period in which to remove the case to federal court. "The notice of removal of a civil action ... shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action ... is based." 28 U.S.C. §1446 (b). The class action lawsuit, as originally filed on February 14, 2001, was apparently removable by virtue of complete diversity of the plaintiffs, residents of New Mexico, and the defendant, an Ohio corporation. The amount in controversy appeared to be well in excess of $75,000. The class action lawsuit was not removed.

The revival exception was created because the courts recognized that "willingness to remain in the state court for one cause of action does not show a willingness, or constitute a waiver, as to some quite different cause." *Garden Homes, Inc. v. Mason*, 143 F. Supp 144, 145 (D. Mass. 1956), citing *Henderson v. Midwest Ref. Co.*, 43 F. 2d 23 (10th Cir. 1930). The courts read into 28 U.S.C. §1446 (b) an exception for those cases in which the plaintiff has filed an amended complaint that so changes the nature of the lawsuit as to constitute "substantially a new suit begun that day." *Wilson v. Intercollegiate (Big Ten) Conference A. A., supra* at 965, citing *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886). The revival exception applied to those cases that

4

were essentially a new lawsuit, although brought for various reasons, like the claims of Ms. Ross, under the caption of the previous removable lawsuit. The courts reasoned that when presented with a different lawsuit in essence, the defendant may have reasons this time for wanting to remove this new lawsuit to federal court and should not be bound by a previous decision made when served by the original lawsuit. Thus, the courts revived the thirty day time limit for removal under 28 U.S.C. §1446 (b) for this substantially new lawsuit.

Whether an amended complaint or some other pleading so substantially changes the nature of the existing lawsuit so as to create a new right of removal depends on the facts of each case. When an additional theory of negligence was added to existing warranty claims, the court held the amendment did not revive the right of removal. *Adams v. Western Steel Buildings, Inc.*, 296 F. Supp 759 (D. Colo. 1969). When a wrongful death action was added to an existing negligence claim, the court held that the alteration was not substantial enough to constitute a "new suit begun that day." McKenna v. Brassard, 704 F. Supp 309 (D. Mass. 1989). But when an amended complaint substantially altered the "character of the action" courts have held that the revival exception should apply to the new lawsuit. *Johnson v. Heublein*, 227 F. 3d 236, 241 (5th Cir. 2000).

The Amended Complaint of Ms. Ross is an entirely different type of lawsuit than the class action lawsuit from which it originated. As the Defendant has argued in its brief, an individual's lawsuit is an entirely different matter than a class action involving potentially hundreds of claimants. Different civil procedures, issues of class notification, unique discovery issues, potential subclasses, and the like are all present in the class action lawsuit *Bates et al v. Goodyear* which are not present in *Ross v. Goodyear*. The character of an individual's lawsuit,

even against the same defendant, is essentially different than a class action lawsuit against the same defendant.

The Plaintiff has argued that since the theories of liability underlying the claims of Ms. Ross against Goodyear are virtually the same as those of the class action lawsuit and will entail the same evidence of liability, the separate claims of Ms. Ross are not substantially a new lawsuit. But as the Massachusetts Court in *McKenna v. Brassard, supra,* recognized, it is not necessary for an amended complaint to present a new set of facts to create a substantial change in the lawsuit. It is the essential differences in the previous lawsuit and the one now presented by the Amended Complaint that determine whether the Amended Complaint presents a new lawsuit begun that day. In my opinion, the differences between a class action lawsuit and an individual's lawsuit are essential enough that the latter constitutes a new, distinct and different lawsuit. Therefore, I find that the judicially created policy of revival applies to the severed claims of Ms. Ross and that they are subject to a new thirty day window of removal with which Defendant timely complied.

## CONCLUSION

The Motion to Remand the separate claims of Heather Ross is hereby DENIED.

_____
SENIOR UNITED STATES JUDGE